UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MICHAEL ENG,

Plaintiff,

-against-

THE CITY OF NEW YORK, LT. DANTINI, P.O. KEVIN
TIERNEY, P.O., POLICE OFFICERS JOHN DOE AND
RICHARD ROE (names and number of whom are
unknown at present) and other unidentified members of the
New York City Police Department,

Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**
**10 CV 06032 (NGG) (MDG)**

JURY TRIAL DEMANDED

Defendants City of New York, Lieutenant Roderick Dantini, Police Officer Kevin

Tierney, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York,

for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

1.   Deny the allegations set forth in paragraph "1" of the Complaint.

2.   Deny the allegations set forth in paragraph "2" of the Complaint, except admit

plaintiff purports to base jurisdiction as stated therein.

3.   Deny allegations set forth in paragraph "3" of the Complaint, except admit

plaintiff purports to make a statement regarding declaratory and injunctive relief as stated

therein.

4.   Deny the allegations set forth in paragraph "4" of the Complaint, except admit

plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

5.   Paragraph "5" of the Complaint is a demand for a jury trial to which no

response is required.

6.  Deny the allegations set forth in paragraph "6" of the Complaint, except admit plaintiff purports to base venue as stated therein.

7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.  Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the City of New York is a municipal corporation.

9.  Deny the allegations set forth in paragraph "9" of the Complaint, except admit that the City of New York is a municipal corporation and maintain the allegations regarding the New York City Police Department constitute legal conclusions to which no response is required.

10.  Defendants state that the allegations set forth in Paragraph "10" of the Complaint constitute legal conclusions to which no response is required.

11.  Deny the allegations set forth in paragraph "11" of the Complaint, except admit that defendant Lieutenant Dantini is employed by the New York City Police Department and plaintiff purports to sue him in his individual and official capacities as stated therein.

12.  Deny the allegations set forth in paragraph "12" of the Complaint, except admit that defendant Officer Tierney is employed by the New York City Police Department and plaintiff purports to sue him in his individual and official capacities as stated therein.

13.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.  Deny the allegations set forth in paragraph "14" of the Complaint.

15.  Deny the allegations set forth in paragraph "15" of the Complaint.

16.  Paragraph "16" of the Complaint sets forth legal conclusions to which no response is required.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Defendants state that the allegations set forth in Paragraph "18" of the Complaint constitute legal conclusions to which no response is required.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except admit plaintiff Eng was placed under arrest.

29.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32.  Deny the allegations set forth in paragraph "32" of the Complaint.

33.  Deny the allegations set forth in paragraph "33" of the Complaint.

34.  Deny the allegations set forth in paragraph "34" of the Complaint, except admit that plaintiff filed a document purporting to be a notice of claim December 11, 2009.

35.  In response to the allegations set forth in paragraph "35" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "34" of this answer, as if fully set forth herein.

36.  Paragraph "36" of the Complaint sets forth conclusions of law to which no response is required.

37.  Paragraph "37" of the Complaint sets forth conclusions of law to which no response is required.

38.  Deny the allegations set forth in paragraph "38" of the Complaint.

39.  In response to the allegations set forth in paragraph "39" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "38" of this answer, as if fully set forth herein.

40.  Deny the allegations set forth in paragraph "40" of the Complaint.

41.  Deny the allegations set forth in paragraph "41" of the Complaint.

42. In response to the allegations set forth in paragraph "42" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "41" of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint, except admit plaintiff purports to base jurisdiction as stated therein.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. In response to the allegations set forth in paragraph "51" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "50" of this answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint, except admit plaintiff purports to base jurisdiction as stated therein.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. In response to the allegations set forth in paragraph "56" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "55" of this answer, as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint, except admit plaintiff purports to base jurisdiction as stated therein.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. In response to the allegations set forth in paragraph "62" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "61" of this answer, as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint, except admit plaintiff purports to base jurisdiction as stated therein.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint and all its subparts.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

67. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

68. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

69.  Defendants Lieutenant Dantini and Police Officer Kevin Tierney  have not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore are protected by qualified immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

70.  Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the conduct of third parties and was not the proximate result of any act of defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

71.  At all relevant times to the acts alleged in the complaint, defendants Lieutenant Dantini and Police Officer Kevin Tierney  acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

72.  There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

73.  At all times relevant to the acts alleged in the Complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

74.  Plaintiff caused or provoked any incident.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

75.  Plaintiff has failed to comply with one or more sections of the New York General Municipal Law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

76. Punitive damages cannot be assessed against the City of New York and defendant Lieutenant Dantini.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE:

77. Plaintiff failed to mitigate damages.

**WHEREFORE,** defendants City of New York, Lieutenant Dantini, and Police Officer Kevin Tierney request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            June 20, 2011

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                        City of New York
                                        Attorney for Defendants City of New
                                        York, Lieutenant Dantini, Police
                                        Officer Kevin Tierney, and Richard
                                        Roe
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-1894

                            By:         _____
                                        DAVID M. POLLACK (DP 3873)
                                        Assistant Corporation Counsel

BY ECF
TO:   Robert Rambadadt, Esq.
      Attorney for Plaintiff
      33 West 19th Street, 4th Floor
      New York, N.Y. 10011