| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **DAVID M. POLLACK**<br>*Assistant Corporation Counsel*<br>(212) 788-1894<br>(212) 788-9776 (fax)<br>dpollack@law.nyc.gov |

October 6, 2011

**BY E.C.F. AND FACSIMILE**
**718-613-2546**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Michael Eng v. The City of New York, et al.</u>
              10 Civ. 6032 (NGG)(MDG)

Your Honor:

        I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, and the attorney representing defendants the City of New York, and New York City Police Officers Kevin Tierney and Lieutenant Roderick Dantini in the above-referenced matter. I write to respectfully request the Court's permission to move for summary judgment and that the Court endorse defendants' proposed briefing schedule as set forth herein.

        Plaintiff filed the Complaint in this action on December 29, 2010 alleging he was falsely arrested on October 3, 2009 while seated in a vehicle involved in a traffic accident in Long Island City, Queens at approximately 2:30 am and was thereafter falsely imprisoned and maliciously prosecuted. Plaintiff was arrested for driving while intoxicated and was held fifteen hours before being released on his own recognizance. Following denial of the suppression of evidence in Mr. Eng's Huntley /Dunaway hearing, the District Attorney of Queens County dismissed all charges on September 13, 2010. Because there was probable cause for plaintiff's arrest, based upon the officers observations at the scene of the accident, a 911 call received from a party to the subject accident and identification at the scene of the accident of plaintiff as the driver and plaintiff's admission that he was intoxicated at the time, Defendants respectfully request permission to file a motion for summary judgment at this time.

        Summary judgment should be granted to defendants for three reasons. First, plaintiff's claim of false arrest and false imprisonment fails as a matter of law given that neither of the named officers witnessed the motor vehicle accident which took place between plaintiff

and the driver of a truck and arrested plaintiff based upon the statements of the truck driver involved in the accident both to the 911 operator and to the responding officers that plaintiff was the driver of the vehicle which struck the truck. Therefore, Defendants had probable cause to effectuate the arrest of plaintiff and, at the very least, are entitled to qualified immunity based upon the fact that plaintiff's arrest was based, in part, upon the witness statements of the truck driver. Second, plaintiff's malicious prosecution claim fails because there was probable cause to prosecute plaintiff and the officers did not act with malice as they simply relied upon the statements of the truck driver witness. Finally, plaintiff's Equal Protection, Negligent Infliction of Emotional Distress and Negligent Hiring and Retention claims fail as a matter of law because there was probable cause for plaintiff's arrest.

Probable cause to arrest "constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or under § 1983." Weyant, 101 F.3d at 852 (citing Bernard, 25 F.3d at 102; Broughton v. State, 37 N.Y.2d 451, 458 (1975), cert. denied, 423 U.S. 929 (1975); Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995), cert. denied, 517 U.S. 1189 1996)). Accordingly, "there is no liability under § 1983 for false arrest, . . .if the arresting officer had probable cause to arrest the plaintiff." Bryant v. Rudman, 933 F. Supp. 270, 274 (S.D.N.Y. 1996) (citing Lennon v. Miller, 66 F.3d 416, 423 – 24 (2d. Cir. 1995); Singer, 63 F.3d at 118).

"Probable cause exists where officers 'have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" Id. (quoting Weyant, 101 F.3d at 852). "Probable cause requires only a probability, or a 'substantial chance' of criminal activity, not an actual showing of criminal activity. Steiner v. City of New York, 920 F. Supp. 333, 338 (E.D.N.Y. 1996) (quoting Illinois v. Gates, 462 U.S. 213, 244 n.13 (1983)). In fact, "[t]he validity of an arrest does not depend upon an ultimate finding of guilt or innocence. Rather, the soundness of the arrest hinges on the existence of probable cause at the time the arrest was made." Haussman v. Fergus, 894 F. Supp. 142, 147 (S.D.N.Y. 1995) (citation omitted). Thus, the existence of "probable cause is evaluated under an objective standard." Id. at 148 (citing Lindsey v. Loughlin, 616 F. Supp. 449, 451 (E.D.N.Y. 1985)). In conducting the evaluation, evidence "'must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.'" Illinois v. Gates, 462 U.S. at 232 (quoting United States v. Cortez, 449 U.S. 411, 418 (1981)). Moreover, "[a]n arresting officer is not a judge and cannot be expected to hold a trial at the scene of an apparent crime to determine credibility of witnesses." Russell v. Eighty Fourth Precinct, 03-CV-6179 (JBW), 2004 U.S. Dist. LEXIS 22546, at *9 (E.D.N.Y. November 8, 2004). Furthermore, once police have probable cause to arrest, "the officers have no affirmative duty to weigh conflicting versions of the alleged offense presented by the suspect. Campbell v. Guiliani, 99 CV 2603, 2001 U.S. Dist. LEXIS 609 at *14 (E.D.N.Y. January 24, 2001) (police "have no duty to investigate an exculpatory statement of the accused, and their refusal to do so does not defeat probable cause").

Furthermore, because there was probable cause to arrest plaintiff, his malicious prosecution claim cannot survive summary judgment unless he can point to evidence to demonstrate that probable cause dissipated prior to the criminal prosecution. Kinzer v. Jackson, 316 F.3d 139 (2d Cir. 2003) (finding that in order for probable cause that existed at the time of

the arrest to "dissipate" prior to commencement of prosecution, the groundless nature of the charge must be made apparent by the discovery of some intervening fact); Johnson v. Constantellis, 221 Fed. Appx. 48, 50-51 (2d Cir. 2007) (affirmed summary judgment against plaintiff's malicious prosecution claim reasoning that plaintiff put forth no evidence that probable cause at the time of arrest dissipated at the time of prosecution); Johnson v. City of New York, 05 Civ.7519 (PKC), 2008 U.S. Dist. LEXIS 78984 at *25-26 (SDNY Sep. 29, 2008) (granted summary judgment against plaintiff's malicious prosecution claim because plaintiff has not introduced evidence to suggest that police learned some exculpatory information between the time of arrest and initiation of prosecution). With respect to the issue of malice, the Second Circuit defines malice for purposes of a malicious prosecution claim as a "wrong or improper motive, something other than a desire to see the ends of justice served." Lowth v. Town of Cheektowaga, 82 F3d 563, 573 (2d Cir. 1996). A plaintiff cannot prove the "malice" component in a malicious prosecution claim by "mere conclusory allegations and speculation" relating to an officer's wrongdoing or fabricated evidence without offering any proof of "hard evidence" of malice supporting plaintiff's version of events. Grossman v. City of New York, No. 07 Civ. 2764 (RMB), 2008 U.S. Distr. LEXIS 19065, at *8-9 (SDNY February 28, 2008). Here, defendants did not witness the automobile accident between plaintiff's car and the driver of the truck, but relied upon the statements of the truck driver both to the 911 operator and to the officers and their own observations of plaintiff's condition, resulting in probable cause to arrest plaintiff. At no time prior to prosecution was any evidence brought to light that in any way dissipated the probable cause. Accordingly, there was probable cause to prosecute plaintiff and the officers did not act with malice in arresting plaintiff.

Finally, qualified immunity is "an immunity from suit rather than the mere defense to liability and is effectively lost if the case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). It is well settled law that "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800 (1982). "Even where the plaintiff's federal rights and the scope of the official's permissible conduct are clearly established, the qualified immunity defense protects a government actor if it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995). Here, defendants were responding to a request for assistance with an automobile accident in which the driver of the truck involved stated to the 911 operator that the parties in the automobile were changing positions and the officers responded and took the statement of the truck driver and observed the intoxicated condition of plaintiff and proceeded to place plaintiff under arrest. Here, it was objectively reasonable, based upon the facts reported and presented, for the officers to believe plaintiff's arrest was lawful and accordingly they are entitled to qualified immunity.

On the grounds set forth herein, we believe that the defendants possess a good faith basis on which to move for summary judgment, and accordingly we respectfully request that the Court endorse the following briefing schedule:

Motion papers to be served by defendants:        November 23, 2011
Opposition papers to be served by plaintiff:      December 23, 2011

Reply papers, if any, to be served by defendants:     January 9, 2011

Defendants thank the Court for its time and consideration of this request.

Respectfully submitted,

David M. Pollack
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   <u>By ECF</u>
Honorable Marilyn D. Go

Robert Rambadadt, Esq.
33 West 19th Street, 4th Floor,
New York, NY 10011