10-CV-06032 (NGG) (MDG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL ENG,

Plaintiff,

-against-

THE CITY OF NEW YORK, LIEUTENANT DANTINI,
POLICE OFFICER KEVIN TIERNEY, AND POLICE
OFFICERS JOHN DOE AND RICHARD ROE (names
and number of whom are unknown at present) and other
unidentified members of the  New York City Police
Department,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  David M. Pollack*
*Tel:  (212) 788-1894*
*Matter No. 2011-003196*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................... iii

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS ..................................................................................... 2

STANDARD OF REVIEW .................................................................................... 2

ARGUMENT

      POINT I

           THERE WAS PROBABLE CAUSE TO ARREST
           PLAINTIFF AND THEREFORE HIS FALSE
           ARREST CLAIMS MUST FAIL. ................................................... 4

      POINT II

           PLAINTIFF'S EXCESSIVE FORCE CLAIM
           FAILS AS A MATTER OF LAW. ................................................... 9

      POINT III

           PLAINTIFF'S MALICIOUS PROSECUTION
           CLAIM FAILS AS A MATTER OF LAW. ................................... 10

           A.  Defendant Officers Did Not Initiate The
                Criminal Prosecution Against Plaintiff ................................ 11

           B.  There was Probable Cause To Commence the
                Proceeding ......................................................................... 12

           C.  Defendant Officers Had No Malice In
                 Arresting Plaintiff ............................................................. 13

      POINT IV

           PLAINTIFF CANNOT PROVE NEGLIGENT
           INFLICTION OF EMOTIONAL DISTRESS ............................... 14

**Page**

POINT V

    PLAINTIFF'S NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION CLAIM FAILS AS A MATTER OF LAW.............................................. 15

POINT VI

    DEFENDANTS P.O. TIERNEY AND LT. DANTINI ARE ENTITLED TO QUALIFIED IMMUNITY.................................................................................... 16

CONCLUSION................................................................................................ 18

## TABLE OF AUTHORITIES

<u>Cases</u>                                                              <u>Pages</u>

<u>Anderson v. Liberty Lobby Inc.</u>,
   477 U.S. 242 (1987)...............................................................................4

<u>Anthony v. City of New York</u>,
   339 F.3d 129 (2d Cir. 2003)............................................................. 6, 12

<u>Ashcroft v. Iqbal</u>,
   556 U.S. 662 (2009).............................................................................. 9

<u>Bernard v. United States</u>,
   25 F.3d 98 [2d Cir. 1994]....................................................................... 5

<u>Calvert v. K aty Taxi, Inc.</u>,
   413 F.2d 841 (2d Cir. 1969)................................................................ 3-4

<u>Campbell v. Guiliani</u>,
   99 Civ. 2603 (JG), 2001 U.S. Dist. LEXIS 609 (E.D.N.Y. January 24, 2001) ................ 6, 7, 8

<u>Celotex Corp v. Catrett</u>,
   477 U.S. 317 (1986)............................................................................. 3

<u>Chapman v. Erie R. Co.</u>,
   55 NY 579 (1874) .............................................................................. 16

<u>Crawford-el v. Britton</u>,
   523 U.S. 574 (1998)......................................................................... 4, 16

<u>Cunningham v. New York City</u>,
   04 Civ. 10232 (LBS), 2007 U.S. Dist. LEXIS 69801 (S.D.N.Y. Sept. 18, 2007) ................ 10

<u>Eastman Kodak Co. v. Image Tech. Servs., Inc.</u>,
   504 U.S. 451 (1992).............................................................................. 2

<u>Esmont v. City of New York</u>,
   371 F. Supp. 2d 202 (E.D.N.Y. 2005) ............................................... 10

<u>Fincher v. County of Westchester</u>,
   979 F. Supp. 989 (S.D.N.Y. 1997) ..................................................... 14

<u>Gallo v. Prudential Residential Servs., Ltd. Partnership</u>,
   22 F.3d 1219 (2d Cir. 1994)................................................................ 3

<u>Graham v. Connor</u>,
   490 U.S. 386 (1989)............................................................................ 10

**Cases**                                                               **Pages**

Grossman v. City of New York,
No. 07-CV-2764, 2008 U.S. Dist. LEXIS 19065 (S.D.N.Y. February 28, 2008) ................... 13

Harlow v. Fitzgerald,
457 U.S. 800 (1982) ................................................................................................. 17

Haussman v. Fergus,
894 F. Supp. 142 (S.D.N.Y. 1995) ........................................................................... 6

Hazan v. City of New York,
98 Civ. 1716 (LAP), 1999 U.S. Dist. LEXIS 10499 (S.D.N.Y. July 9, 1999) ........................ 14

Hunter v. Bryant,
502 U.S. 224 (1991) ................................................................................................. 17

Jean v. City of New York,
08 Civ. 00157 (RER), 2009 U.S. Dist. LEXIS 98239 (E.D.N.Y October 22, 2009)................. 7

Jenkins v. City of New York,
478 F.3d 324 (2d Cir. 2003).................................................................................... 5

Jewel v. City of New York,
94 Civ. 5454 (DLC), 1995 U.S. Dist. LEXIS 2282 (S.D.N.Y. Feb. 28, 1995) ...................... 14

Kenneth R. v. Roman Catholic Diocese of Brooklyn,
229 A.D.2d 159, 654 N.Y.S.2d 791 (2d Dep't 1997) ................................................ 16

Krause v. Bennet,
887 F.2d 362 (2d Cir. 1989)..................................................................................... 7

L.B. Foster Co. v. America Piles Inc.,
138 F.3d 81 (2d Cir. 1998)...................................................................................... 3

Lennon v. Miller,
66 F.3d 416 (2d Cir. 1995)...................................................................................... 17

Lowth v. Town of Cheektowga,
82 F.3d 563 (2d Cir. 1996)...................................................................................... 13

Mandina v. City of Yonkers,
1998 U.S. Dist. LEXIS 14553 (S.D.N.Y. 1998) ........................................................ 5

Martinez v. Simonetti,
202 F.3d 625 (2d Cir. 2000)................................................................................ 5- 6

**Cases**                                                                                              **Pages**

Matsushita Electric Industrial Co. v. Zenith Radio Corp.,
    475 U.S. at 587 (1986) ................................................................................................ 3

Maxwell v. City of New York,
    272 F. Supp. 2d 285 (S.D.N.Y. 2003) ....................................................................... 5

Mazza v. City of New York,
    98 Civ. 2343, 1999 U.S. Dist. LEXIS 13192 (E.D.N.Y. July 13, 1999) ................... 7

McKinney v. George,
    726 F.2d 1183 (7th Cir. 1984) .................................................................................. 6

Miloslavsky v. AES Eng'g Society,
    808 F. Supp. 351 (S.D.N.Y. 1992) ........................................................................... 6

Mitchell v. Forsyth,
    472 U.S. 511 (1985) ................................................................................................ 16

Mitchell v. Home,
    434 F. Supp. 2d 219 (S.D.N.Y. 2006) ................................................................ 11, 12

Murphy v. Lynn,
    118 F.3d 938 (2d Cir. 1997) .................................................................................... 11

Naccarato v. Scarselli,
    124 F. Supp. 2d 36 (N.D.N.Y. 2000) ...................................................................... 15

Panetta v. Crowley,
    460 F. Supp. 388 (2d Cir. 2006) .......................................................................... 5, 12

Pawlicki v. City of Ithaca,
    993 F. Supp. 140 (N.D.N.Y. 1998) ........................................................................... 6

Ricciuti v. N.Y.C. Transit,
    124 F.3d 123 (2d Cir. 1997) ...................................................................................... 7

Russell v. Eighty Fourth Precinct,
    03 Civ. 6179 (JBW), 2004 U.S. Dist. LEXIS 22546 (E.D.N.Y. November 8, 2004) ............. 6

Russell v. Smith,
    68 F.3d 33 (2d Cir. 1995) ....................................................................................... 11

Scott v. Almenas,
    143 F.3d 105 (2d Cir. 1998) ..................................................................................... 3

**Cases**                                                                    **Pages**

Scott v. County of Nassau,
    94 CV 4291, 1998 U.S. Dist. LEXIS 19680 (E.D.N.Y. Dec. 11, 1998)................................. 10

Sforza v. City of New York,
    No. 07-CV-6122, 2009 U.S. Dist. LEXIS 27358 (S.D.N.Y.  Mar. 31, 2009) .......................... 5

Stephenson v. Rosa,
    03-CV-8503(LAP), 2006 U.S. Dist. LEXIS 7390 (S.D.N.Y. February 22, 2006) ................. 11

Stevenson v. Rosa,
    03 Civ. 8503 (LAP), 2006 U.S. Dist. LEXIS 7390 (S.D.N.Y. Feb. 22, 2006) ....................... 13

Universal Calvary Church v. City of New York,
    2000 U.S. Dist. LEXIS 17037 (S.D.N.Y. Nov. 28, 2000)...................................................... 15

Westinghouse Elec. Corp. v. New York City Transit Auth.,
    735 F. Supp. 1205 (S.D.N.Y. April 13, 1990) ......................................................................... 3

Weyant v. Okst,
    101 F.3d 845 (2d Cir. 1994),
    app. after remand, 182 F.3d 902 (2d Cir. 1999) ...................................................................... 5

Williams v. City of New York,
    02-CV-3693(CBM), 2003 U.S. Dist. LEXIS 19078 (S.D.N.Y. Oct. 23, 2003) ..................... 11

Wilson v. The Diocese of New York
    96 Civ. 2400(JGK), 1998 U.S. Dist. LEXIS 2051 (S.D.N.Y. Feb. 23, 1998)................... 15-16

**Statutes**

42 U.S.C. §1983 ..................................................................................................................... 1, 4

Fed. R. Civ. P. 56 and 56 (c) .................................................................................................... 2

Fed. R. Civ. P. 56(e) ................................................................................................................. 3

Local Civil Rule 56.1 ......................................................................................................... 2, 9, 13

N.Y. Gen. Mun. Law § 50-e .................................................................................................... 14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

MICHAEL ENG,

                                        Plaintiff,

            -against-                                    **10-CV-06032 (NGG) (MDG)**

THE CITY OF NEW YORK, LIEUTENANT DANTINI,
POLICE OFFICER KEVIN TIERNEY, AND POLICE
OFFICERS JOHN DOE AND RICHARD ROE (names
and number of whom are unknown at present) and other
unidentified members of the  New York City Police
Department,

                                        Defendants.

----------------------------------------------------------------------- x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Plaintiff Michael Eng brings this action pursuant to 42 U.S.C. Sections 1983, 1985 and 1986, the Fourth and Fourteenth Amendments of the U.S. Constitution and the laws of the State of York, alleging that on October 3, 2009, defendants The City of New York (the "City"), Police Officer Kevin Tierney and Lieutenant Roderick Dantini violated his constitutional rights and committed tortuous acts against him.  In particular, plaintiff alleges: (1) he was falsely arrested by Officer Tierney on October 3, 2009, and unlawfully confined; (2) the individual defendants used excessive force in effecting his arrest; (3) that he was maliciously prosecuted as a result of this arrest; (4) the individual defendants negligently inflicted emotional distress on plaintiff; and (5) defendant City was negligent in hiring, retaining, training and supervising its employees.  Defendants the City, Police Officer Tierney and Lieutenant Dantini

move for summary judgment on the grounds that: (1) plaintiff's federal and state false arrest and false imprisonment claims fail as a matter of law because there was probable cause to arrest plaintiff; (2) plaintiff's excessive force claim fails as a matter of law; (3) plaintiff's malicious prosecution claim fails as a matter of law because there was probable cause to arrest plaintiff and defendants lacked any malice in arresting plaintiff; (4) plaintiff cannot prove negligent infliction of emotional distress; (5) plaintiff's negligent hiring, retention, training and supervision claim fails as a matter of law; and (6) Officer Tierney and Lieutenant Dantini are entitled to qualified immunity. For all of the foregoing reasons, Defendants' motion for summary judgment should be granted.

## STATEMENT OF FACTS

The Court is respectfully referred to Defendants' Local Civil Rule 56.1Statement of Undisputed Facts, dated December 2, 2011 (hereinafter "56.1"), which is being submitted concurrently herewith for a complete statement of the relevant facts.

## STANDARD OF REVIEW

Summary judgment is designed to expedite civil cases by eliminating from the trial calendar those claims that can properly be resolved as a matter of law. Under Rule 56(c), summary judgment is warranted when, in viewing the evidence in the light most favorable to the non-movant, the Court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56; See also, Eastman Kodak Co. v. Image Tech. Servs., Inc., 504 U.S. 451, 457 (1992).

A motion for summary judgment requires the party with the burden of proof at trial to come forward with proper evidence to "make a showing sufficient to establish the existence of [each] element essential to that party's case . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

2

immaterial." Celotex Corp v. Catrett, 477 U.S. 317, 322-23 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The Second Circuit has held:

[T]he moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case. When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.

Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1223 – 24 (2d Cir. 1994) (citations omitted). Accordingly, "courts should not be reluctant to grant summary judgment in appropriate cases." Westinghouse Elec. Corp. v. New York City Transit Auth., 735 F. Supp. 1205, 1212 (S.D.N.Y. April 13, 1990).

When deciding a motion for summary judgment, "the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." L.B. Foster Co. v. America Piles Inc., 138 F.3d 81, 87 (2d Cir. 1998) (citing Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. at 587 (1986); Celotex Corp. v. Catrett, 477 U.S. at 331 (1986). Nonetheless, opposition to summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). In so doing, the "non-moving party may not rely on conclusory allegations or unsubstantiated speculation." Scott v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). The party bearing the burden of proof has no right to take the case to trial if a favorable verdict could only be the product of surmise, speculation, and conjecture. Calvert v. K aty Taxi, Inc.,

413 F.2d 841, 844 (2d Cir. 1969).  To sustain his burden, plaintiff must instead produce evidence that would permit the finder of fact to properly proceed to a verdict in his favor. See <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 248-50 (1987).  Thus, summary judgment "serves as the ultimate screen to weed out truly unsubstantial lawsuits prior to trial."  <u>Crawford-el v. Britton</u>, 523 U.S. 574, 600 (1998).

In the instant matter, summary judgment should be granted in favor of the Defendants as a matter of law because, in light of the undisputed facts, Eng cannot show that there are any genuine issues for trial, nor can he proffer even a modicum of evidence that would allow a fact finder to properly proceed to a verdict in his favor.

<u>ARGUMENT</u>

POINT I

<b>THERE   WAS   PROBABLE   CAUSE   TO<br>ARREST PLAINTIFF AND THEREFORE HIS<br><u>FALSE ARREST CLAIMS MUST FAIL.</u></b>

Plaintiff's first and fourth causes of action claim that Defendants falsely arrested him on October 3, 2009, in violation of his Fourth and Fourteenth Amendment rights, 42 U.S.C. Section 1983 and state law. <u>See</u> Compl. ¶¶ 35-38, 51-55.  However, plaintiff's false arrest claims must fail as a matter of law based on the undisputed facts of the case.  Defendants relied upon information provided by the 911 operator, as well as the statements of the complaining witness, the truck driver Anne-Edgar Lockhart, as neither of the named officers witnessed the motor vehicle accident take place. 56.1, ¶¶ 5-17. Therefore, because the officers relied upon information received from 911, the legal equivalent of a fellow officer, interviews of witnesses at the scene and their own observations, defendants had arguable probable cause to effectuate the arrest of plaintiff and, at the very least, are entitled to qualified immunity.

4

"A [Section] 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York Law." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1994), app. after remand, 182 F.3d 902 (2d Cir. 1999) (citations omitted). "To succeed on a claim for false arrest under New York law, a plaintiff must show that '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" Mandina v. City of Yonkers, 1998 U.S. Dist. LEXIS 14553, at *8 (S.D.N.Y. 1998) (quoting Bernard v. United States, 25 F.3d 98, 102 [2d Cir. 1994]).

"A claim for false arrest or false imprisonment fails when the arresting officer had probable cause to make the arrest." Sforza v. City of New York, No. 07-CV-6122 (DLC), 2009 U.S. Dist. LEXIS 27358, at *40 (S.D.N.Y.  Mar. 31, 2009) (citing Jenkins v. City of New York, 478 F.3d 324, 335 (2d Cir. 2003).  Probable cause is an objective determination based on the totality of the circumstances and exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Maxwell v. City of New York, 272 F. Supp. 2d 285, 293 (S.D.N.Y. 2003).  Although probable cause is largely a factual question, a court may nonetheless determine whether probable cause existed as a matter of law if the pertinent events and the officer's knowledge are not in dispute. Id. at 294.

"It is well established that a law enforcement official has probable cause to arrest if he received his information from . . . the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." Panetta v. Crowley, 460 F. 3d 388, 395 (2d Cir. 2006) (internal quotation marks and citations omitted). See also, Martinez v. Simonetti,

202 F.3d 625, 634 (2d Cir. 2000) ("We have previously held that police officers, when making a probable cause determination, are entitled to rely on the victims' allegations that a crime has been committed"); McKinney v. George, 726 F.2d 1183, 1187 (7th Cir. 1984) ("If policemen arrest a person on the basis of a private citizen's complaint that if true would justify the arrest, and they reasonably believe it is true, they cannot be liable for violations of the Constitution merely because it later turns out that the complaint was unfounded"). "The veracity of citizen complainants who are the victims of the very crime they report is assumed." Miloslavsky v. AES Eng'g Society, 808 F. Supp. 351 (S.D.N.Y. 1992). Further, it is also well-established that officers are entitled to rely on information from fellow officers, including information provided by a 911 dispatcher, to establish probable cause. See, e.g., Anthony v. City of New York, 339 F.3d 129, 138 (2d Cir. 2003).

In fact, "[t]he validity of an arrest does not depend upon an ultimate finding of guilt or innocence. Rather, the soundness of the arrest hinges on the existence of probable cause at the time the arrest was made." Haussman v. Fergus, 894 F. Supp. 142, 147 (S.D.N.Y. 1995) (citation omitted). "An arresting officer is not a judge and cannot be expected to hold a trial at the scene of an apparent crime to determine credibility of witnesses." Russell v. Eighty Fourth Precinct, 03 Civ. 6179 (JBW), 2004 U.S. Dist. LEXIS 22546, at *9 (E.D.N.Y. November 8, 2004). See also, Campbell v. Guiliani, 99 Civ. 2603 (JG), 2001 U.S. Dist. LEXIS 609, at *14 (E.D.N.Y. January 24, 2001) (police "have no duty to investigate an exculpatory statement of the accused, and their refusal to do so does not defeat probable cause"); Pawlicki v. City of Ithaca, 993 F. Supp. 140, 145 (N.D.N.Y. 1998) (when officer is presented with conflicting accounts from different witnesses, "an officer is entitled to make an arrest based on believing the testimony of one side or the other"). The role of the police is "to apprehend those suspected of

wrongdoing and not to finally determine guilt through a weighing of evidence." <u>Campbell</u>, 2001

U.S. Dist. LEXIS 18908 at *14 (quoting <u>Krause v. Bennet</u>, 887 F.2d 362, 372 (2d Cir. 1989)).

To require additional investigation based on a suspect's protestation of innocence would "allow

every suspect, guilty or innocent, to avoid arrest simply by claiming 'it wasn't me.'" <u>Mazza v.</u>

<u>City of New York</u>, 98 Civ. 2343, 1999 U.S. Dist. LEXIS 13192, at 13, n. 8 (E.D.N.Y. July 13,

1999) (internal citations omitted); <u>Campbell</u>, 2001 U.S. Dist. LEXIS 18908, at *13-14.

Similarly, protestations of innocence from friends, or other potentially biased witnesses, are also

insufficient to require the police to engage in any additional investigation. <u>See</u> <u>Rennols</u>, 00 Civ.

6692 (NGG), 2003 U.S. Dist. LEXIS 18908, at *9, n.1 (E.D.N.Y. October 23, 2003 (probable

cause established and no further investigation necessary where only potentially biased witnesses

available to corroborate plaintiff's claim of innocence).   Therefore, the police are entitled to

credit the version of the complaining victim, and have no duty to do an additional investigation

even where witnesses claim the accused is innocent.

       Summary judgment is therefore appropriate even where officers failed to

thoroughly investigate a plaintiff's competing version of the events or facts that would have

shown that the plaintiff acted with justification. <u>See</u> <u>Jean v. City of New York</u>, 08 Civ. 00157

(RER), 2009 U.S. Dist. LEXIS 98239,  at *11-12 (E.D.N.Y October 22, 2009).  An officer is

under no obligation to "explore and eliminate every theoretically plausible claim of innocence

before making an arrest." <u>Ricciuti v. N.Y.C. Transit</u>, 124 F.3d 123, 128 (2d Cir. 1997).

       Here, the arrest of plaintiff was based on the statements of the truck driver both to

the 911 operator 56.1, ¶¶ 5-7, and directly to the responding officers, 56.1, ¶¶ 10-11 as well as

the officers observations at the scene. 56.1, ¶ 17.  It is well settled that officers are entitled to rely

on the statements of a complaining individual or eye witness as sufficient to establish probable

cause when effectuating an arrest unless circumstances raise doubt as to his veracity.  The fact that plaintiff disagreed with the officers assessment at the scene is of no consequence; it is well settled that officers need not hold court on the street. See Campbell, 2010 U.S. Dist. Lexis 18908, at *14.  Thus, Officer Tierney acted as any reasonable officer would when he placed his reliance on Mr. Lockhart's statements and not those of plaintiff and the other occupants of Vehicle 1, who were potentially biased witnesses.

In the case at hand, in addition to the presumption of veracity as a victim of the crime complained of, there was no legitimate reason for the officers to doubt the veracity of Mr. Lockhart.  Mr. Lockhart neither knew the plaintiff nor had reason to provide false information to the police regarding plaintiff.  Notably, Mr. Lockhart himself was also arrested for driving with a suspended license, 56.1, ¶ 19, which created a disincentive for Mr. Lockhart to report the crime.  On the other hand, the occupants of Vehicle 1 *did* have potential motives to falsify events to the police as two out of the three occupants were intoxicated. 56.1, ¶¶ 16-17.  In fact, Judge Quinones of the Queens County Criminal Court pointed out in the Huntley / Dunaway hearing that while Mr. Lockhart had nothing to gain from lying, plaintiff and the other occupants of the vehicle had everything to gain. See Exhibit C,[1] Transcript of Queens County Criminal Court Hearing, pg. 44:2-9.  Further, Philip Cham, the other passenger in Vehicle 1, was clearly drunk and testified at the Huntley / Dunaway hearing that he did not say anything to Officer Tierney and never represented that his friend of ten years, Michael Eng, was not driving the vehicle. 56.1, ¶¶ 14-15; Exhibit C, Transcript of Queens County Criminal Court Hearing, pg. 22:11-15.  Eng himself was intoxicated—which was clear to Officer Tierney(56.1, ¶17)—and it therefore boiled down to Mr. Lockhart's representation that Mr. Eng was driving, as corroborated by the 911 call,

---

[1] All references to Exhibits in this document refer to the exhibits attached to the Declaration of David M. Pollack, dated December 1, 2011 submitted herewith.

56.1, ¶¶ 5-7, 10-11, versus Heta Patel's representation that he was not. 56.1, ¶ 13. Officer Tierney was perfectly justified in taking Mr. Lockhart's account over Ms. Patel's given the totality of these circumstances.

Therefore, plaintiff's federal and state false arrest claims should be dismissed as a matter of law.

## POINT II

### PLAINTIFF'S EXCESSIVE FORCE CLAIM FAILS AS A MATTER OF LAW.

Plaintiff's second cause of action for excessive force, see Exhibit B, Compl. ¶¶ 39-41, should be dismissed as a matter of law because plaintiff failed to plead facts to support this allegation and, even if he had, the only force used during plaintiff's arrest was objectively reasonable and plaintiff did not suffer any physical injuries as a result.

As an initial matter, there are several fatal inconsistencies in plaintiff's complaint. First, plaintiff pleads no facts to support a claim of excessive force in his statement of facts, see Exhibit B, Compl. ¶¶ 19-34[2], but he claims in his second cause of action in a conclusory, boiler plate fashion that "defendant police officers Johnston, Campo, Dammacco, John Doe and Richard Roe," used excessive force "in striking plaintiff and causing excessive strain on plaintiff's wrists. . ." See Exhibit B, Compl. ¶ 40.  Second, none of these three officers listed in plaintiff's second cause of action are parties in this case.  For these reasons alone the second cause of action for excessive force should be dismissed pursuant to Ashcroft v. Iqbal, 556 U.S. 662 (2009), for failure to plead facts sufficient to state a claim.  Even accepting, for the sake of argument, that plaintiff intended to allege the defendant officers struck plaintiff and "caused strain" on plaintiff's wrists, plaintiff's claim for excessive force must still be dismissed.

---

[2] The fact section of plaintiff's complaint does not even allege that *any*, let alone excessive, force was used. Exhibit B, Complaint at ¶¶ 19-34.

Claims for use of excessive force during an arrest are governed by the "objective reasonableness" standard of the Fourth Amendment.  Graham v. Connor, 490 U.S. 386 (1989).  Where excessive force allegations are based on "tight handcuffs" a court will look at: (1) the actual tightness of the handcuffs, (2) whether the officer ignored arrestees pleas that the handcuffs were too tight, and (3) if there were any injuries caused by this tightness.  See, Esmont v. City of New York, 371 F. Supp. 2d 202, 215 (E.D.N.Y. 2005).  In order to prevail, a plaintiff will have to show *some* injury as "[s]imply placing a suspect in handcuffs and requiring him to keep his hands behind his back for transportation has been found not to give rise to a constitutional violation." Scott v. County of Nassau, 94 CV 4291, 1998 U.S. Dist. LEXIS 19680, at *14 (E.D.N.Y. Dec. 11, 1998).  Even where such a showing is made, as it noticeably is not here, "where plaintiff's injuries are *de minimus,* the claim of excessive force cannot rise to the level of a constitutional violation as a matter of law."  Cunningham v. New York City, 04 Civ. 10232 (LBS), 2007 U.S. Dist. LEXIS 69801 at *17 (S.D.N.Y. Sept. 18, 2007).  Plaintiff has failed to demonstrate any physical injuries or point to any factual basis in the record.  Plaintiff also fails to allege he requested that the handcuffs be loosened.  Therefore, because plaintiff failed to plead any facts to support a claim for excessive force, and has failed to even identify an individual who used excessive force against him, this claim should be dismissed as a matter of law.

### POINT III

### PLAINTIFF'S MALICIOUS PROSECUTION CLAIM FAILS AS A MATTER OF LAW.

Plaintiff's third cause of action alleges he was maliciously prosecuted by defendants as a result of his arrest on October 3, 2009, in violation of his rights under the Fourth Amendment and state law.  See Exhibit B, Compl. ¶¶ 42-50.  However, this claim fails as a

matter of law because, for the reasons stated in Point I, *supra*, there was probable cause to prosecute plaintiff for Driving While Intoxicated. Further, the defendant officers did not act with malice as they justifiably relied on the statements of Mr. Lockhart both made to the 911 operator and to the defendant officers, and their observations and interviews at the scene. "In order to state a claim for the tort of malicious prosecution under New York State law," the law that is applicable here, "a plaintiff must prove '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997) (quoting Russell v. Smith, 68 F.3d 33, 35 (2d Cir. 1995)).

A.     **Defendant Officers Did Not Initiate The Criminal Prosecution Against Plaintiff**

The Queens County District Attorney's Office's independent decision to commence the prosecution of plaintiff insulates the defendants from any liability for malicious prosecution. See Stephenson v. Rosa, 03-CV-8503 (LAP), 2006 U.S. Dist. LEXIS 7390, at *7-*9 (S.D.N.Y. February 22, 2006) (there is "no question" that police officers did not initiate or continue a criminal proceeding since "the independent, discretionary actions of the Queens County District Attorney's Office served to break any causal connection between Defendants and the prosecution commenced against Plaintiff"); Williams v. City of New York, 02-CV-3693 (CBM), 2003 U.S. Dist. LEXIS 19078 at *19 (S.D.N.Y. Oct. 23, 2003) ("[O]nce a criminal defendant has been formally charged, the chain of causation between the officer's conduct and the claim of malicious prosecution is broken by the intervening actions of the prosecutor, thereby abolishing the officer's responsibility for the prosecution."). See also, Mitchell v. Home, 434 F. Supp. 2d 219, 227 (S.D.N.Y. 2006) (". . . there is a presumption that a prosecutor exercises independent judgment in deciding whether to initiate and continue a criminal proceeding . . .")

11

(internal quotations and citations omitted).  In fact, an arresting officer may only be held liable for malicious prosecution if the officer "withholds relevant and material information" or "creates false information likely to influence a jury's decision and forwards that information to prosecutors." See, Mitchell v. Home, 434 F. Supp. at 227-28 (internal quotations and citations omitted).  That simply did not happen here.  Plaintiff has not and cannot cite to any material exculpatory evidence withheld by Defendants. The District Attorney's Office made an independent decision eleven months after plaintiff's arrest, to dismiss the charges against plaintiff on the basis that the charges could not be proven beyond a reasonable doubt. Exh. B, Complaint at ¶31. Clearly, Defendants played no role in the District Attorney's decision.

**B.     There was Probable Cause To Commence the Proceeding**

As set forth in Point I, *supra*, defendants had probable cause to arrest plaintiff based upon the 911 account of events relayed by Mr. Lockhart and their independent observations at the scene.  "It is well established that a law enforcement official has probable cause to arrest if he received his information from . . . the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." Panetta v. Crowley, 460 F. 3d 388, 395 (2d Cir. 2006) (internal quotation marks and citations omitted).  It is also well-established that officers are entitled to rely on information from fellow officers, including information provided by a 911 dispatcher, to establish probable cause. See, e.g., Anthony v. City of New York, 339 F.3d 129, 138 (2d Cir. 2003).  Based upon the undisputed facts of the case there can be no question that Officer Tierney justifiably relied on appropriate sources of information in supporting his probable cause determination.

The Second Circuit has noted that in order for probable cause, which existed at the time of arrest, to "dissipate" prior to commencement of the prosecution, "the groundless nature of the charge must be made apparent [to the defendants] by the discovery of some

intervening fact." See Kinzer, 316 F.3d 139, 144 (2d Cir. 2003) (quoting Lowth v. Town of Cheektowga, 82 F.3d 563, 571 (2d Cir. 1996). Plaintiff can provide no evidence to support an allegation that the probable cause to arrest ever dissipated. The fact that the district attorney's office subsequently dropped charges is not relevant to this analysis. See Stevenson v. Rosa, 03 Civ. 8503 (LAP), 2006 U.S. Dist. Lexis 7390, (S.D.N.Y. Feb. 22, 2006). Thus, an essential element of a malicious prosecution claim, lack of probable cause, is absent.

**C.     Defendant Officers Had No Malice In Arresting Plaintiff**

        The Second Circuit defines malice for purposes of a malicious prosecution claim as a "wrong or improper motive, something other than a desire to see the ends of justice served." Lowth, 82 F3d at 573. A plaintiff cannot prove the "malice" component in a malicious prosecution claim by "mere conclusory allegations and speculation" relating to an officer's wrongdoing or fabricated evidence without offering any proof of "hard evidence" of malice supporting plaintiff's version of events. See Grossman v. City of New York, No. 07-CV-2764 (RMB), 2008 U.S. Dist. LEXIS 19065, at *8-*9 (S.D.N.Y. February 28, 2008). Here, defendants did not witness the automobile accident between plaintiff's car and the driver of the truck, 56.1, ¶ 8, but relied upon the statements of the truck driver both to the 911 operator and to the officers and their own observations of plaintiff's condition, 56.1, ¶¶ 5-17, resulting in probable cause to arrest plaintiff. There was simply no malice in the officers' decision to arrest plaintiff. In fact, the arrest of the truck driver in addition to plaintiff attests to their objectivity and lack of malice. Further, at no time prior to prosecution was any evidence brought to light that in any way dissipated the probable cause. Accordingly, there was probable cause to prosecute plaintiff and the officers did not act with malice in arresting plaintiff.

        Therefore, plaintiff's malicious prosecution claim must fail as a matter of law.

## POINT IV

## PLAINTIFF CANNOT PROVE NEGLIGENT
## INFLICTION OF EMOTIONAL DISTRESS

Plaintiff alleges in his fifth cause of action that defendants should be held liable under state law for negligent infliction of emotional distress, see Exhibit B, Compl. ¶¶ 62-66, but defendants submit that this claim should be dismissed because not only did plaintiff fail to include this state law claim in his Notice of Claim, as required by law, but his claim is precluded because plaintiff's arrest stems from intentional and not negligent conduct by defendants.

First, as a threshold matter, plaintiff failed to include negligent infliction of emotional distress as a claim in his Notice of Claim. See Exhibit A, Notice of Claim. Under New York law, a notice of claim is a mandatory condition precedent to bringing a tort claim against the City of New York. See N.Y. Gen. Mun. Law § 50-e; Fincher v. County of Westchester, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997). A notice of claim must set forth the nature of the claim within ninety days of the accrual of the cause of action when a suit is being brought against a municipality and/or its employees. In addition, "any theory of liability omitted from the notice of claim may not be included in a subsequent lawsuit." See e.g. Hazan v. City of New York, 98 Civ. 1716 (LAP), 1999 U.S. Dist. LEXIS 10499, at*19 (S.D.N.Y. July 9, 1999) (quoting Jewell v. City of New York, 94 Civ. 5454 (DLC), 1995 U.S. Dist. LEXIS 2282, at*2 (S.D.N.Y. Feb. 28, 1995) (dismissed negligent hiring claim against City, "[w]hile the notice did allege "negligence," it contained no facts suggesting that this referred to the City's hiring practices rather than the tortious acts of the traffic agent and police officer"). Defendants had no notice of the negligent infliction of emotional distress claim within ninety days of the incident in question. Consequently, plaintiff has failed to comply with a statutory precondition to suit. Therefore, this claim should be dismissed.

Second, plaintiff's claim for negligent infliction of emotional distress appears to be based entirely on his arrest. As such, defendants submit that he cannot maintain such a claim because Officer Tierney's decision to place plaintiff under arrest was intentional and not negligent. See Naccarato v. Scarselli, 124 F. Supp. 2d 36, 45 (N.D.N.Y. 2000) (rejecting a claim of negligent infliction of emotion distress on the ground that, "[w]hen a plaintiff brings excessive force and assault claims which are premised upon a defendant's allegedly intentional conduct, a negligence claim with respect to the same conduct will not lie."); Universal Calvary Church v. City of New York, 2000 U.S. Dist. LEXIS 17037, at *12 (S.D.N.Y. Nov. 28, 2000) (noting that "once intentional conduct causing . . . injury has been established, the actor is liable for assault and battery and not negligence").

Accordingly, plaintiff's negligent infliction of emotional distress claim fails as a matter of law.

### POINT V

**PLAINTIFF'S NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION CLAIM FAILS AS A MATTER OF LAW.**

Plaintiff asserts in his sixth cause of action that defendant City and its employees were negligent in hiring, retaining, training and supervising its employees. See Compl. ¶¶ 62-66. However, this claim must fail as a matter of law because plaintiff provides no evidence of any knowledge on behalf of defendant City.

To state a claim under New York law for negligent hiring, supervision, and retention, the plaintiff must prove, with evidence, that "the employer knew or should have known of the employee's propensity for the conduct which caused the injury." Wilson v. The Diocese of New York of the Episcopal Church, 96 Civ. 2400 (JGK), 1998 U.S. Dist. LEXIS

2051, at *10-11 (S.D.N.Y. Feb. 23, 1998) (citing <u>Kenneth R. v. Roman Catholic Diocese of</u> <u>Brooklyn</u>, 229 A.D.2d 159, 654 N.Y.S.2d 791, 793 (2d Dep't 1997)).  Here, plaintiff has not adduced any evidence to support an allegation of negligent hiring, training, supervision, or retention.  Plaintiff has not alleged any facts whatsoever relevant to this allegation, and specifically has alleged no facts that defendant City knew of or should have known of Officer Tierney's or Lieutenant Dantini's propensity for violating the constitutional rights of citizens.

With respect to a claim for negligent supervision and retention, reasonable care does not require the same diligence as in hiring.  The Court of Appeals has stated that "good character and proper qualifications once possessed may be presumed to continue. . . [until] one has notice of a change or knowledge of such facts as . . . would put a reasonable man on inquiry, . . ." <u>Chapman v. Erie R. Co.</u>, 55 NY 579, 585-586 (1874).  There is no proof in this case that would have placed defendant City on any such notice.

Accordingly, plaintiff's claim for negligent hiring, retention, training and supervision must be dismissed as a matter of law.

### POINT VI

### DEFENDANTS P.O. TIERNEY AND LT. DANTINI ARE ENTITLED TO QUALIFIED IMMUNITY.

Defendants Police Officer Kevin Tierney and Lieutenant Roderick Dantini are entitled to qualified immunity.  Qualified immunity is "an immunity from suit rather than the mere defense to liability and is effectively lost if the case is erroneously permitted to go to trial." <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985).  The Supreme Court has stated that "there is a strong public interest in protecting public officials from the costs associated with the defense of damages actions.  That interest is best served by a defense that permits insubstantial lawsuits to be quickly terminated." <u>Crawford-El v. Britton</u>, 523 U.S. 574, 590 (1998).  Thus, the defense of

16

qualified immunity should be resolved "at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991) (citations omitted).

It is well settled law that "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800 (1982). "Even where the plaintiff's federal rights and the scope of the official's permissible conduct are clearly established, the qualified immunity defense protects a government actor if it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995). The Supreme Court has explained that the qualified immunity standard "gives ample room for mistaken judgments by protecting 'all but the plainly incompetent or those who knowingly violate the law' . . . this accommodation for reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued." Hunter, 502 U.S. at 229.

In the instant case, defendants were responding to a request for assistance with an automobile accident in which the driver of Vehicle 2 stated to the 911 operator that the parties in Vehicle 1 were changing positions, presumably to avoid wrongdoing. 56.1, ¶¶ 5-17. The officers responded and took the statements of both parties, observed the intoxicated condition of plaintiff and then proceeded to place plaintiff under arrest. 56.1, ¶¶ 8-17. It was objectively reasonable, based upon the facts reported and presented, for the officers to believe plaintiff's arrest was lawful and accordingly they are entitled to qualified immunity.

## **CONCLUSION**

For the foregoing reasons, defendants The City of New York, Police Officer Kevin Tierney and Lieutenant Roderick Dantini respectfully request that the Court grant its motion for summary judgment together with such costs, fees and other and further relief as the Court deems just and proper.

Dated:        December 2, 2011
              New York, New York

                                          MICHAEL A. CARDOZO
                                          Corporation Counsel of the
                                          City of New York
                                          Attorney for Defendants the City of New
                                          York and  Police Officers Kevin Tierney &
                                          Lieutenant Roderick Dantini
                                          100 Church Street, Room 3-146
                                          New York, New York 10007
                                          (212) 788-1894
                                          dpollack@law.nyc.gov

                        By:     _____
                                          David M. Pollack
                                          Assistant Corporation Counsel


cc (by ECF):   Robert M. Rambadadt, Esq.
               *Attorney for Plaintiff*

18